JUDGE KAPLAN

07 CV 11421

Cardillo & Corbett
Attorneys for Plaintiff
Orexis Holdings Pte. Ltd.
29 Broadway
New York, New York 10006
Tel: (212) 344-0464
Fax: (212) 797-1212

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



------------------------------------x
OREXIS HOLDINGS PTE. LTD.,           :
                                     :   ECF
              Plaintiff,             :
                                     :   **VERIFIED COMPLAINT**
      -against-                      :
                                     :
JA VESTA PTE. LTD.,                  :
                                     :
              Defendant.             :
------------------------------------x

      Plaintiff, Orexis Holdings Pte. Ltd. (hereinafter referred to as "Plaintiff"), by and through its attorneys, Cardillo & Corbett, as and for its Verified Complaint against the Defendant, Ja Vesta Pte. Ltd. (hereinafter referred to as "Defendant"), alleges, upon information and belief, as follows:

### JURISDICTION

      1.   This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

### THE PARTIES

      2.   At all times material to this action, Plaintiff was, and still is, a corporation created and existing under the

laws of the Republic of Singapore, with its office at 20 Shaw Road #01-04, Ching Shine Industrial Building, Singapore 367956.

3. Plaintiff is in the business of supplying necessary goods and services to ships.

4. Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity, organized under foreign law, with a place of business at 15 Enggor Street, #5 Reaty Centre, Singapore 079716.

5. Defendant was at all times material the charterer of the M/V JA VESTA (the "Vessel").

<u>DEFENDANT'S BREACH OF CONTRACT</u>

6. During the year 2007 Plaintiff supplied various goods and services to the Vessel at Singapore at the request of Defendant.

7. In consideration thereof, the Defendant agreed in writing on September 20, 2007 to pay to the Plaintiff the sum of $215,489.45 on or before September 28, 2007.

8. Despite the foregoing promise, the Defendant has failed and refused to pay any amount to the Plaintiff, despite due demands made by Plaintiff.

9. By reason of the aforesaid, Plaintiff has suffered damages in the amount of $215,489.45, and Plaintiff is entitled to interest, attorneys' fees and costs as set forth below.

## THE SINGAPORE LAWSUIT

10. Plaintiff's claims against Defendant are now the subject of a lawsuit in Singapore under Singapore law.

## PLAINTIFF'S DAMAGES

11. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under Singapore law. As best as can now be estimated, Plaintiff expects to recover the following amounts from Defendant:

| | | |
|---|---|---:|
| A. | Principal claim: | $215,489.45 |
| B. | 3 years interest at 7% per annum: | 45,252.78 |
| C. | Costs and attorneys' fees: | 50,000.00 |
| | Total: | $310,742.23 |

## DEFENDANT NOT FOUND WITHIN THE DISTRICT

12. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro Bank NV, American Express Bank, Bank of

America, Bank of Communications Ltd. New York Branch, Bank of New York, Barclays Bank, BNP Paribas, Citibank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, UBS AG and/or Wachovia Bank.

13. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia,* any property of the Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant, and to secure Plaintiff's claim as described above.

14. In the premises, the Plaintiff is entitle to such an order to secure its claim against the Defendant in the lawsuit in Singapore. See *Polar Shipping Ltd. V. Oriental Shipping Corp.,* 680 F.2d 633 (9th Cir. 1982); *Ronda Ship Management Inc. V. Doha Asian Games Organizing Committe,* 511 F. Supp. 2d 399 (S.D.N.Y., 2007); *Mediterranea Di Navigazione SPA v. International Petrochemical Group S.A.,* 2007 WL 1434985 (SDNY, 2007), 2007 A.M.C. 1748; *Consub Delaware LLC v. Schahin Engenharia Limitada*, 476 F. Supp. 2d 305 (S.D.N.Y. 2007); *Sea Transp. Contractors, Ltd. V. Indus. Chemiques du Senegal,* 411 F. Supp. 2d 386 (S.D.N.Y. 2006); *Staronset Shipping Ltd. V. Star Navigation Inc.,* 659 F. Supp. 189 (S.D.N.Y. 1987).

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN Amro Bank NV, American Express Bank, Bank of America, Bank of Communications Ltd. New York branch, Bank of New York, Barclays Bank, BNP Paribas, Citibank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, UBS AG and/or Wachovia Bank, in the amount of $310,742.23 to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That this Court retain jurisdiction over this matter through the entry of any judgment associated with any of

the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

    D.  That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated:    New York, New York
            December 13, 2007

                            CARDILLO & CORBETT
                            Attorneys for Plaintiff
                            OREXIS HOLDINGS PTE.LTD.

                By: _____
                      Francis H. McNamara (FM4649)

**ATTORNEY'S VERIFICATION**

State of New York )
                 ) ss.:
County of New York)

1.  My name is Francis H. McNamara.

2.  I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3.  I am associated with the firm of Cardillo & Corbett, attorneys for the Plaintiff.

4.  I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5.  The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6.  The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff's attorneys in Singapore.

7.  I am authorized to make this Verification on

behalf of the Plaintiff.

Dated:    December 13, 2007
          New York, New York

_____
Francis H. McNamara

Sworn to this 13th day
of December, 2007

_____
Notary Public

CHRISTOPHIL B. COSTAS
Notary Public, State of New York
No. 31-0773693
Qualified in New York County
Commission Expires April 30, 2011

8